**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MSIG MINGTAI INSURANCE CO., LTD., FUBON INSURANCE CO., LTD., TAIWAN FIRE & MARINE INSURANCE CO., LTD. and CATHAY CENTURY INSURANCE CO., LTD. a/s/o Wistron Corporation and/or Wistron Infocomm Technology (America) Corp, <br><br> Plaintiffs, <br><br> v. <br><br> DANMAR LINES LTD. a/k/a DANMAR LINES AG, <br><br> Defendant. | 21 CV 7994 <br><br><br> **COMPLAINT** |

Plaintiffs MSIG Mingtai Insurance Co., Ltd., Fubon Insurance Co., Ltd., Taiwan Fire & Marine Insurance Co., Ltd. and Cathay Century Insurance Co., Ltd. a/s/o Wistron Corporation and/or Wistron Infocomm Technology (America) Corp, as and for their Complaint against Defendant Danmar Lines Ltd. a/k/a Danmar Lines AG, allege, upon knowledge as to their own acts and upon information and belief as to all other matters, as follows:

1. The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, or concern breach of a maritime contract and thereby come within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Defendant has consented to jurisdiction in the State of New York by virtue of its agreement to a choice of forum clause that requires that "US Carriage … [a]ny claim against the Carrier under this bill of lading or otherwise arising from or in relation to the Services or the Goods

shall be determined exclusively by the United States District Court for the Southern District of New York …."

3. Venue is proper in this District because Defendant is subject to personal jurisdiction in this District with respect to this action.

4. Venue is also proper in this District because the subject contracts of carriage contain a choice of forum clause that calls for the exclusive jurisdiction of this Court.

5. At and during all the times hereinafter mentioned, Plaintiffs had and now have the legal status and offices and places of business stated in Schedule A, which is appended hereto and hereby incorporated by reference and made a part hereof.

6. Plaintiffs are insurance companies.

7. Plaintiffs insured the shipments described in Schedule A.

8. Plaintiffs are the duly subrogated insurers of the consignee(s), shipper(s) and/or owner(s) of the shipments described in Schedule A and bring this action on their own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in said shipments, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

9. At and during all the times hereinafter mentioned, Defendant had and now has the legal status and an office and place of business stated in Schedule A and was and now is engaged in business as a common carrier of goods by sea for hire.

10. On or about the date and at the Port of Loading stated in Schedule A, there was shipped by the shippers and delivered to Defendant, as common carrier, the shipments described in Schedule A, then being in good order and condition, and Defendant then and there accepted said shipments so shipped and delivered to Defendant, and, in consideration of certain agreed freight

charges thereupon paid or agreed to be paid, Defendant agreed to transport and carry said shipments to the Port of Discharge and the Place of Delivery stated in Schedule A, and deliver said shipments, in like good order and condition as when delivered to and received by Defendant, to the consignee(s) named in Schedule A.

11. The shipments described in Schedule A were in good order and condition when delivered to and loaded on board the vessel named in Schedule A.

12. Defendant or its agent issued one or more negotiable sea waybills / documents of title for the shipments described in Schedule A, some of the particulars of which are stated in Schedule A.

13. One or more contracts of carriage existed between Defendant and others in connection with the shipments described in Schedule A that the consignee(s), shipper(s) and/or owner(s) of the shipments described in Schedule A, and Plaintiffs as their subrogees, are entitled to enforce.

14. All obligations under the contracts of carriage to be performed on the part of the consignee(s), shipper(s) and/or owner(s) of the shipments described in Schedule A were performed, waived or otherwise excused.

15. Among other obligations and duties, Defendant had an obligation and duty to deliver the shipments described in Schedule A in good order and condition to the Place of Delivery stated in Schedule A.

16. The shipments described in Schedule A were lost at sea and were never delivered, in violation of Defendant's obligations and duties as a common carrier of goods by sea for hire and/or in breach of the contracts of carriage.

17.	Under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq.* (note), and/or the contracts of carriage and/or otherwise, Defendant is liable for the non-delivery and the total loss of the shipments described in Schedule A.

18.	The consignee(s), shipper(s) and/or owner(s) of the shipments described in Schedule A submitted a claim to Plaintiffs for the loss of said shipments.

19.	Plaintiffs paid the claim submitted to them for the loss of the shipments described in Schedule A.

20.	By virtue of their payment, Plaintiffs are contractually and/or equitably subrogated to the rights and claims of the consignee(s), shipper(s) and/or owner(s) of the shipments described in Schedule A.

21.	By reason of the premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid by Defendant although duly demanded, in the amount of at least $174,796.12.

**WHEREFORE**, Plaintiffs MSIG Mingtai Insurance Co., Ltd., Fubon Insurance Co., Ltd., Taiwan Fire & Marine Insurance Co., Ltd. and Cathay Century Insurance Co., Ltd. pray as follows:

A.	For judgment in favor of Plaintiffs and against Defendant Danmar Lines Ltd. a/k/a Danmar Lines AG for the amount of Plaintiffs' damages; and

B.	For such other and further relief as the Court deems just and proper under the circumstances, together with the costs and disbursements of this action.

Dated: New York, New York
September 24, 2021

                                              NICOLETTI HORNIG & SWEENEY
                                              *Attorneys for Plaintiffs*

                                 By:    S/ Kevin J.B. O'Malley
                                         Kevin J.B. O'Malley
                                         Wall Street Plaza
                                         88 Pine Street, Seventh Floor
                                         New York, New York 10005
                                         (212) 220-3830
                                         komalley@nicolettihornig.com

## SCHEDULE A

**Plaintiffs' Legal Status and Offices and Places of Business:**

Plaintiff MSIG Mingtai Insurance Co., Ltd. was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 1 Ren Ai Road Section 4 Taipei, 106 Taiwan.

Plaintiff Fubon Insurance Co., Ltd. was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 237 Section 1 Jianguo S Rd Taipei, 10656 Taiwan.

Plaintiff Taiwan Fire & Marine Insurance Co., Ltd. was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 8F., No.49, Guanqian Rd., Zhongzheng Dist., Taipei City 100, Taiwan.

Plaintiff Cathay Century Insurance Co., Ltd. was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 11F 7F 5F 296 Section 4 Ren'ai Road Da'an District Taipei, 106436 Taiwan.

**Defendant's Legal Status and Office and Place of Business:**

Defendant Danmar Lines Ltd. a/k/a Danmar Lines AG was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at P.O. Box 2680, 4002 Basel, Switzerland.

**Shipments:**

| | |
|---|---|
| Sea Waybills: | (a) HKGA92232 |
| | (b) HKGA92312 |
| | (c) HKGA92532 |
| | (d) HKGA92713 |
| | (e) HKGA92762 |
| Containers: | (a), (b), (c), (d) HLBU2267773 |
| | (e) CAIU4244497 |
| Description of Goods: | (a) Thermalmodule |
| | (b) Connectors |
| | (c) Computer connector |
| | (d) Coil; inductance |
| | (e) Electronic connectors |
| Date of Shipment: | on or about November 17, 2020 |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Long Beach, California |
| Place of Delivery: | Juarez, Mexico |
| Vessel: | ONE APUS |
| Carrier: | Danmar Lines Ltd. a/k/a Danmar Lines AG |

Consignee: Wistron Infocomm Technology (America) Corp
Nature of Loss: Non-delivery
Amount of Loss: $174,796.12