UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   3/22/2022
```

MSIG MINGTAI INSURANCE CO., LTD.,
FUBON INSURANCE CO., LTD., TAIWAN FIRE
& MARINE INSURANCE CO., LTD. and
CATHAY CENTURY INSURANCE CO., LTD.
a/s/o Wistron Corporation and/or Wistron
Infocomm Technology (America) Corp,

        Plaintiffs,

      -against-

DANMAR LINES LTD. a/k/a DANMAR LINES
AG,

        Defendant.

21 Civ. 7994 (AT)

**ORDER**

ANALISA TORRES, District Judge:

It has come to the Court's attention that some of the parties in the cases related to the above case may not have received notice of the request made to stay all of the cases. *See* ECF No. 30. Therefore, the Court is attaching to this order the letter making that request, originally filed in 21 Civ. 9194. By **March 29, 2022**, any opposition to the request to stay all cases related to No. 21 Civ. 7994, with the limited carve-outs in the attached letter, shall be made.

      SO ORDERED.

Dated: March 22, 2022
      New York, New York

                           ANALISA TORRES
                        United States District Judge



200 PARK AVENUE, SUITE 1700
NEW YORK, NY 10166
212-354-0025
FAX: 212-869-0067

TL@TISDALE-LAW.COM

**TISDALE**
**& NAST**
LAW OFFICES, LLC

10 SPRUCE STREET
SOUTHPORT, CT 06890
203-254-8474
FAX: 203-254-1641

WWW.TISDALE-LAW.COM

March 11, 2022

*Via ECF*
Honorable Analisa Torres
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:  **Tokio Marine Newa Insurance Co., Ltd. v. Orient Express Container Co.,
> Ltd., 21-CV-09194-AT**
> **Related case to MSIG Mingtai Insurance Co., Ltd. V. Danmar Lines, Ltd.,
> 21-cv-07994**

Dear Judge Torres:

We are attorneys for the Defendant Orient Express Container Co., Ltd. in the above captioned matter as well as a number of other Non-Vessel Operating Common Carriers ("NVOCCs") in the related cases pending before your Honor. We are writing today in accordance with your Honor's February 25, 2022 Order (ECF 23) to outline the positions of all parties to the requested stay, including all requested carve-outs. We also set forth any deadlines that would be stayed should the Court grant the request.

As an update, the Judicial Panel for Multi-District Litigation ("JPML") has issued a Revised Scheduling Order which calls for the submission of Appearances and Corporate Disclosure Statements by March 9, 2022, responses to the Motion to Transfer pursuant to 28 U.S.C. § 1407 by March 16, 2022 and replies by March 23, 2022.

We have conferred with counsel for all of the parties appearing in these consolidated actions. All parties consent to a stay of the further prosecution of the consolidated cases until the JPML has ruled on the Motion to Transfer and the related cases are transferred to your Honor. The parties also consent to the following "carve-out" of the stay:

> During the stay, any party wishing to file suit against or implead the M/V ONE
> APUS *in rem* and/or its owners, bareboat charterers, time charterers, managers
> and/or the master bill of lading issuers and serve process upon them (which may
> require the arrest of the vessel) are authorized to do so. Furthermore, any party may
> seek entry of default against a non-appearing party during the stay.

In addition, counsel for Plaintiff in Atlantic Specialty Insurance Company ("ASIC") and Defendant All-Ways Forwarding International Inc. ("AWF") in case no. 21-CV-10344 have discussed a carve-out of the stay to conduct limited discovery prior to the parties' Rule 26(f) conference. The proposed discovery would address: 1) the relationship between AWF and co-defendant All-Ways Logistics International (Asia Pacific) LLC; 2) the corporate structure and ownership of certain entities within the All-Way's group; 3) the booking of the shipment at issue; and 4) the issuance of relevant shipping documents. ASIC seeks such discovery to aid in the service of the Summons and Complaint on AWL. Counsel for ASIC and AWF consent to this carve-out. No other party objects.

Insofar as any other deadlines that would be affected by a stay are concerned, counsel believe that no pending deadlines will be affected by a stay. The filing of Case Management Plans has been adjourned by your Honor in most of the cases as it was the Court's intention "to proceed under a master scheduling order for the cases stemming from the losses the M/V ONE APUS … [which] will occur once the Defendants in each case are given an opportunity to appear and motions for default, if appropriate, are filed." See, e.g., 1:21-CV-09195-AT, (ECF 17). The letters required by these Orders have been filed in each of the related cases. In the other cases, in which such an order has not been issued, letter requests are pending wherein the parties seek similar treatment. See, e.g., 1:21-CV-07994-AT, (ECF 25).

We appreciate the Court's indulgence in this request and stand ready to address any questions the Court might have in the interim.

Respectfully submitted,

Thomas L. Tisdale

*Via ECF*
cc:     All counsel

2