UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
IN RE:                                                            :
                                                                  :                    22-md-3028 (PAE)
*ONE APUS* CONTAINER SHIP INCIDENT ON              :
NOVEMBER 30, 2020                                        :                    ORDER NO. 1
                                                                  :
*This Document Relates to All Actions*                  :
------------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

      Pursuant to the June 1, 2022 Order of the Judicial Panel on Multidistrict Litigation

("JPML"), *In re:* ONE Apus *Container Ship Incident on November 30, 2020*, 22-md-3028, has

been assigned to this Court for coordinated or consolidated pretrial proceedings.  22-md-3028,

Dkt. 1.

      It appearing that the civil actions listed on Schedule A, attached hereto (which were

transferred to this Court by the June 1, 2022 Order of the JPML, Dkt. 1) merit special attention

as complex litigation, it is hereby ORDERED that:

## I.      APPLICABILITY OF THIS ORDER

      The provisions of this Order shall govern the practice and procedure in those actions: (1)

transferred to this Court by the JPML pursuant to its June 1, 2022 Order; (2) all related actions

that are filed in the Southern District of New York and have been or will be transferred to MDL-

3028 involving allegations of lost or damaged cargo following the November 30, 2020 severe

weather incident experienced by the ultra large container vessel *ONE Apus*; and (3) any "tag-

along" actions later filed in, removed to, or transferred to this Court.  The Clerk will docket a

copy of this Order on the docket of any case newly filed or transferred to this Court.

## II.     CONSOLIDATION

The civil actions listed on Schedule A are consolidated for pretrial purposes.  Any "tag-along" actions later removed to or transferred to this Court, or directly filed in the Southern District of New York, will automatically be consolidated with this action without the necessity of future motions or orders.  This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

## III.    CAPTION

All orders, pleadings, motions, and other documents served or filed in 22-md-3028 shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
IN RE:                                                                  :
                                                                        :
*ONE APUS* CONTAINER SHIP INCIDENT ON          :              22-md-3028 (PAE)
NOVEMBER 30, 2020                                                :
                                                                        :
*This Document Relates To ["All Actions" or specify by*          :
*title and case number the individual applicable case(s) if*     :
*the document relates to fewer than all of the consolidated*    :
*cases]*                                                                  :
                                                                        :
----------------------------------------------------------------------- X

## IV.    FILING AND SERVICE OF DOCUMENTS

All counsel are required to promptly register for and participate in this Court's CM/ECF filing system.  That system gives each counsel immediate access to all electronically filed documents and obviates the need to make personal service on the individual parties.  Unless otherwise ordered, all documents shall be filed electronically via the Court's CM/ECF system

and must be filed in accordance with the Southern District of New York's Local Rules, the

Southern District of New York ECF Rules and Instructions, and this Court's Individual Rules

and Practices for Civil Cases.  Should any individuals not represented by counsel join the case,

they are instructed to file a notice of appearance and register for the Court's CM/ECF system as

well.  Such *pro se* parties are advised that assistance is available through the Court's Pro Se

Intake Unit, which can be reached telephonically at (212) 805-0175, or in person at the Thurgood

Marshall Courthouse, 40 Foley Square, Room 105, New York, New York, 10007, during normal

business hours, 8:30 a.m. – 5:00 p.m., Monday – Friday.

      The Court will serve all orders through the ECF system.  Should one be appointed,

Plaintiffs' lead and/or liaison counsel shall be responsible for providing copies of any order,

pleading, motion, letter, or other document to any party/counsel who does not receive service of

the order through the ECF system.

      In accord with Rule 2.1(c) of the Rules of Procedure of the JPML, all counsel appearing

in any of the actions listed in Schedule A—or any tag-along case subsequently transferred—prior

to the action's transfer to this District need not enter a notice of appearance or submit a *pro hac*

*vice* application to practice before this Court, and need not obtain local counsel.

      All counsel who did not appear in a related action prior to the Transfer Order are directed

to enter a notice of appearance, and, if necessary, file a letter-motion for admission *pro hac vice*.[1]

Notices of appearance and *pro hac vice* letter-motions should be filed on docket 22-md-3028 and

"spread" to all cases for which the attorney represents a party.  Those counsel who are not a

member of the Bar of this Court shall be deemed admitted *pro hac vice* upon filing a motion for

---

[1]  *Pro hac vice* motions in this MDL are to be filed by letter, to facilitate the Court's electronic
review and approval.

*pro hac vice* with the Clerk as provided by the Local Rules.  An attorney need file only one *pro hac vice* letter-motion, even if he or she is the attorney of record for several individual plaintiffs or affiliated defendants.

All counsel are directed to apply for a PACER account, which can be obtained by visiting the Court's website at www.nysd.uscourts.gov and completing the on-line registration form.

For assistance with the ECF filing system, counsel should contact the Court's Help Desk, at (212) 805-0800.

## V.    INITIAL CONFERENCE

The Court will conduct an Initial Conference on **September 8, 2022**, at **2 p.m.**, in **Courtroom 318** at the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York. (Please note that this is *not* Judge Engelmayer's regular courtroom.)  Counsel shall check in with the Courtroom Deputy at least 15 minutes in advance.  Counsel should arrive at the Courthouse with sufficient time to go through security.  Seats in the courtroom may not be reserved.

### A.    Familiarity with Annotated Manual for Complex Litigation and the Court's Individual Rules and Practices

Counsel are expected to familiarize themselves with (1) the *Manual for Complex Litigation, Fourth Edition* ("MCL Fourth"), available at https://public.resource.org/scribd/8763868.pdf; (2) the Local Rules for the Southern District of New York, available at https://nysd.uscourts.gov/rules/rules.pdf; and (3) this Court's Individual Rules and Practices for Civil Cases, available at http://www.nysd.uscourts.gov/judge/Engelmayer, in advance of the conference, and to be prepared to suggest procedures that will facilitate expeditious, economical, and just resolution of this litigation.

### B.      Personal Appearance Not Required

Each party represented by counsel shall appear at the initial conference through his or her attorney, who will have primary responsibility for the party's interest in this litigation.  Should a party not represented by counsel appear in this MDL, that *pro se* party must appear at future conferences in person, unless otherwise ordered.  To minimize costs and facilitate a manageable conference, parties with similar interests may, to the extent practicable, agree to have an attending attorney represent their interests at the conference.  A party will not, by so designating an attorney to represent his/her interests at the conference, be precluded from other representation during the litigation.  Attendance at the conference will not waive objections to jurisdiction, venue, or service.

### C.      Initial Conference Agenda

Temporary Plaintiff's Counsel and Temporary Defendants' Counsel—after conferring with counsel for, respectively, fellow Plaintiffs and fellow Defendants—shall confer in advance of the initial conference to discuss: (1) a proposed agenda for the initial conference; and (2) a proposed schedule for pretrial activities, including discovery and motions, mindful of the Court's desire to organize this litigation in an orderly, efficient, and rational manner.  The items listed in MCL Fourth Section 21.1, to the extent applicable to these actions, shall constitute a tentative agenda for the conference.  Temporary Plaintiffs' Counsel and Temporary Defendants' Counsel shall jointly file a letter, **not to exceed 15 pages**, by **August 8, 2022**, setting forth the parties' proposals on these issues.

## VI.    APPOINTMENT OF COUNSEL

The Court is contemplating whether to appoint lead counsel and/or liaison counsel, and is considering this question with respect to both Plaintiffs and Defendants in this litigation.  The duties often assigned to lead and liaison counsel in multi-district litigation are enumerated in the

MCL Fourth Section 10.22.  The Court is interested, however, in the parties' views on (1) whether to make such appointments; (2) if so, how lead counsel and liaison counsel should be structured—that is, whether a single set of lead counsel and liaison counsel should be appointed for all Plaintiffs and Defendants or whether multiple sets are necessary or prudent; and (3) the best process for selecting lead counsel and liaison counsel.

A.      **Temporary Lead Counsel**

Solely to facilitate the Court's consideration of those issues (and those identified below), and to facilitate written submissions to the Court in advance of the initial pretrial conference, the Court hereby designates the following as *temporary* lead and liaison counsel for Plaintiffs ("Temporary Plaintiffs' Counsel") and Defendants ("Temporary Defendants' Counsel"):

> **Plaintiffs**:
> Kevin John Byron O'Malley
> NICOLETTI HORNIG & SWEENEY
> 88 Pine St., 7th Floor
> New York, New York 10005
> Telephone: (212) 220-3780

> **Defendants:**
> Thomas Leonard Tisdale
> TISDALE & NAST LAW OFFICES, LLC
> 10 Spruce St.
> Southport, CT 06890
> Telephone: (203) 254-1641

Those temporary designations are not a precursor of future appointments, but simply a means to initiate the process.[2]  All counsel should have a full opportunity to participate in the discussion and the status letters that the Court requests herein.

---

[1]  The designated counsel were active participants in the consolidated cases filed in this District before the JPML issued the June 1, 2022 Order.  Temporary Plaintiffs' Counsel was counsel in the lead case 21cv7994 (S.D.N.Y.).  Temporary Defendants' Counsel represented numerous SDNY defendants and, among other counsel, moved the JPML to consolidate the cases.  Before the JPML issued its June 1, 2022 Order, certain defendants in the SDNY cases had filed third-party complaints against the *ONE Apus in rem* as well as companies purporting to exercise some

**B.      Letters Regarding Appointment of Lead and Liaison Counsel, and of Committees**

No later than **July 25, 2022**, plaintiffs (through Temporary Plaintiffs' Counsel) and

defendants (through Temporary Defendants' Counsel)  shall each submit to the Court a status

letter (that is, one letter on behalf of all Plaintiffs, and one letter on behalf of all Defendants), **not**

**to exceed 10 pages**, setting forth the following information in separate sections:

 (1) Counsels' views on the necessity and desirability (or lack thereof) of lead and/or liaison counsel;

(2) Counsels' views on the necessity and desirability (or lack thereof) of a Plaintiffs' and Defendants' steering committee or other committees, as defined and discussed in the MCL Fourth Section 10.221.  Counsel should explain in their submission (and be prepared to discuss at the initial conference) the necessity and desirability of such committees, as well their size, composition, and scope;

(3) A proposed structure for lead and liaison counsel, including the need for any steering committee or other committee; and

(4) A proposed method and schedule for the Court to appoint lead and liaison counsel—through open applications, nominations, or another process.

**C.      Compensation and Time and Expense Records**

Any counsel who anticipates seeking an award of attorneys' fees and reimbursement

expenditures from the Court shall comply with the directives contained in the MCL Fourth

Section 14.213 regarding the maintenance and filing of contemporaneous records reflecting the

services performed and the expenses incurred.

---

kind of ownership interest in the *ONE Apus*.  Those putative Third-Party Defendants have not yet been served and are not, at this time, parties to this action.  Upon their service and appearance, the Court will take up any application(s) with respect to potential lead and liaison counsel appointments as to Third-Party Defendants.

## VII. ADDITIONAL PRE-CONFERENCE SUBMISSIONS

### A. Direct Filing of Cases

Temporary Plaintiffs' Counsel shall confer with other Plaintiffs' counsel, and Temporary Defendants' Counsel shall confer with other Defendants' counsel, and, no later than **July 25, 2022**, each side shall submit a letter to the Court, **not to exceed three pages**, whether they will stipulate that they will not object, based on improper venue, to the filing directly in the Southern District of New York of related cases that emanate from other districts and that would appropriately be included in this MDL, on the understanding that upon completion of all pretrial proceedings applicable to a case directly filed in this Court pursuant to this provision, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer that case to a federal district court of proper venue, as defined in 28 U.S.C. § 1391, after considering the recommendations of the parties to that case.

### B. Status Letters

No later than **August 8, 2022**, plaintiffs (through Temporary Plaintiffs' Counsel) and defendants (through Temporary Defendants' Counsel) shall each submit to the Court a status letter (that is, one letter on behalf of all Plaintiffs, and one letter on behalf of all Defendants) setting forth the following information in separate paragraphs:

(1) A brief statement of the nature of the action(s) and/or the principal defenses thereto, including any critical legal issues involved in the case(s);

(2) A list of all existing deadlines, due dates, and/or cut-off dates;

(3) A list and brief description of any outstanding motions;

(4) A brief statement with respect to whether a single consolidated complaint (or multiple consolidated complaints) can or should be filed in this action;

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(7) A brief statement with respect to whether court-ordered mediation would be useful and, if so, whether such mediation should be conducted by the assigned Magistrate Judge, through the Court's mediation program, or by a privately retained mediator and when such mediation should be conducted;

(8) A list of all related cases pending in state or federal court, together with their current status, including discovery taken to date and pending motions, to the extent known;

(9) A list of all parents, subsidiaries, and companies affiliated with the corporate parties and of all counsel associated in the litigation to help the Court identify any problems of recusal or disqualification; and

(10) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

Each letter shall not exceed **10 pages** (exclusive of the lists, which may be provided as attachments) and shall be filed as a letter on ECF.

## VIII.   EXTENSION AND STAY

This Order vacates any case management or scheduling order issued by a federal court prior to the transfer of a case to MDL-3028.  Moreover, all pending motions in the transferor courts are denied without prejudice, and will be adjudicated under procedures set forth in this Order and subsequent orders issued by the Court.  To the extent it has not already answered, Bayer is granted an extension of time for responding to Complaint(s) in cases comprising this MDL until a date set by the Court.  Pending the Initial Conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery requests shall be initiated.

## IX.   DISCOVERY

Pending the Initial Conference and further orders of the Court, all outstanding discovery proceedings are suspended, and no further discovery shall be initiated.  This directive does not, however, (1) preclude the provision of voluntary discovery by any party; (2) preclude informal

9

discovery regarding the identification and location of relevant documents and witnesses; (3)

preclude parties from stipulating to the conduct of a deposition that already has been scheduled;

(4) prevent a party from voluntarily responding to an outstanding discovery request under

Federal Rules of Civil Procedure 33, 34, or 36; or (5) authorize a party to suspend its efforts in

gathering information needed to respond to an existing request under Federal Rules of Civil

Procedure 33, 34, or 36.

All parties and their counsel are reminded of their duty to preserve evidence that may be

relevant to this action.  The duty extends to documents, data, and tangible things in the

possession, custody, and control of parties to this action, and any employees, agents, contractors,

carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject

to discovery in this action.  "Documents, data, and tangible things" is to be interpreted broadly to

include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes,

electronic messages, voice mail, e-mail, telephone message records or logs, computer and

network activity logs, hard drives, backup data, removable computer storage media such as

tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets,

software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements,

worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations,

drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or

digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies, or

other similar such material.  Information that serves to identify, locate, or link such material,

such as file inventories, file folders, indices, and metadata, is also included in this definition.

Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each

party shall take reasonable steps to preserve all documents, data and tangible things containing

information potentially relevant to the subject matter of this litigation.  Counsel are under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of this directive.

## X.    MOTIONS

No motion shall be filed under Rule 11, Rule 37, or Rule 56 without the Court's approval.  To obtain such approval, the movant shall file a letter-motion on ECF seeking a pre-motion conference with the Court.

No motion (other than under Rule 12) shall be filed unless it includes a certification that the movant has conferred with opposing parties and made a good faith effort to resolve the matter without court action.

## XI.    SUMMARY OF DEADLINES

| Deadline | Submission | Party or Parties | Maximum Length |
|---|---|---|---|
| July 25, 2022 | Letters regarding direct filing of cases and the identification of Lead Defense Counsel | Temporary Plaintiffs' Counsel and Temporary Defendants' Counsel (separately) | Three pages |
| July 25, 2022 | Letters regarding Lead and Liaison Counsel appointment | Temporary Plaintiffs' Counsel and Temporary Defendants' Counsel (separately) | 10 pages |
| August 8, 2022 | Status letters providing requested information | Temporary Plaintiffs' Counsel and Temporary Defendants' Counsel (separately) | 10 pages |
| August 8, 2022 | Joint letter setting forth a proposed initial conference agenda and schedule for pretrial activities | Temporary Plaintiffs' Counsel and Temporary Defendants' Counsel (jointly) | 15 pages |

## XII.    SERVICE OF THIS ORDER

As of today's date, all actions listed on Schedule A have been transferred to this Court.

As noted, to the extent that additional actions are filed or transferred to this Court, the Clerk is

directed to docket a copy of this Order on the docket of the underlying case.

## XIII.  XVI.  FURTHER AMENDMENT

Matters addressed in this order may be reconsidered, upon the motion of any party or on

this Court's own motion.


SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge


Dated:  June 30, 2022
         New York, New York

**IN RE: ONE APUS CONTAINER SHIP
INCIDENT ON NOVEMBER 30, 2020**                    MDL No. 3028

## SCHEDULE A

### Central District of California

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA v. AMERICAN
 COMMERCIAL TRANSPORT, INC., ET AL., C.A. No. 2:21−08784
CERTAIN UNDERWRITERS AT LLOYDS OF LONDON SUBSCRIBING TO
 POLICY NO. 600230 v. EXPEDITORS INTERNATIONAL OF
 WASHINGTON, INC., ET AL., C.A. No. 2:21−08951
ATLANTIC SPECIALTY INSURANCE COMPANY, ET AL. v. APEX LOGISTICS
 INTERNATIONAL, INC., ET AL., C.A. No. 2:21−08974
ASHTEAD HOLDINGS, INC. v. DE WELL CONTAINER SHIPPING, INC., ET AL.,
 C.A. No. 2:21−08985
LIBERTY MUTUAL INSURANCE COMPANY, ET AL. v. CNK LINE AND
 LOGISTICS CO., LTD, ET AL., C.A. No. 2:21−09007
ACE AMERICAN INSURANCE COMPANY, ET AL. v. AMERICA PACIFIC
 CONTAINER LINE, INC., ET AL., C.A. No. 2:21−09083
NAVIGATORS MANAGEMENT COMPANY, INC. v. APEX LOGISTICS
 INTERNATIONAL, INC., ET AL., C.A. No. 2:21−09159
STATE NATIONAL INSURANCE COMPANY, INC. v. DE WELL CONTAINER
 SHIPPING, INC., ET AL., C.A. No. 2:21−09290
BACKER EHP, INC., ET AL. v. M/V ONE APUS, ET AL., C.A. No. 2:21−09605
FEDERAL INSURANCE COMPANY v. TOPOCEAN CONSOLIDATION SERVICE
 LOS ANGELES INC., C.A. No. 2:21−10016

### Northern District of California

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA v. FLEXPORT
 INTERNATIONAL LLC, ET AL., C.A. No. 3:21−08642
STARR INDEMNITY & LIABILITY INSURANCE COMPANY, ET AL. v. APEX
 MARITIME CO. (LAX), INC., ET AL., C.A. No. 3:21−08879
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA v. FLEXPORT
 INTERNATIONAL LLC, C.A. No. 3:21−08957
PEAG LLC, ET AL. v. FLEXPORT INTERNATIONAL LLC, C.A. No. 3:21−09376
MEYER CORPORATION, ET AL. v. APEX MARITIME CO., INC.,
 C.A. No. 4:21−08947
SME CONSOLIDATED LTD., ET AL. v. APEX MARTIME CO., INC., ET AL.,
 C.A. No. 4:21−09283

- A2 -

Northern District of Illinois

FEDERAL INSURANCE COMPANY v. AIT WORLDWIDE LOGISTICS, INC.,
    C.A. No. 1:21−06383
NAVIGATORS MANAGEMENT COMPANY, INC. v. R.I.M. LOGISTICS, LTD.,
    C.A. No. 1:21−06406
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, ET AL. v.
    DIMERCO EXPRESS (U.S.A.) CORP., C.A. No. 1:21−06498

District of New Jersey

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA v. DYNAMIC
    WORLDWIDE LOGISTICS, INC., C.A. No. 2:21−19924
LIBERTY MUTUAL INSURANCE COMPANY v. AMERICAN INTERNATIONAL
    CARGO SERVICE, INC., C.A. No. 2:21−20152

Eastern District of New York

NAVIGATORS MANAGEMENT COMPANY, INC. v. AIRPORT CLEARANCE
    SERVICE, INC., C.A. No. 2:21−06856

Southern District of New York

MSIG MINGTAI INSURANCE CO., LTD., ET AL. v. DANMAR LINES LTD.,
    C.A. No. 1:21−07994
TOKIO MARINE NEWA INSURANCE CO., LTD. v. ORIENT EXPRESS
    CONTAINER CO., LTD., C.A. No. 1:21−09194
ATLANTIC SPECIALTY INSURANCE COMPANY, ET AL. v. CHINA INT'L
    FREIGHT CO., LTD., C.A. No. 1:21−09195
STARR INDEMNITY & LIABILITY COMPANY, ET AL. v. TRUST FREIGHT
    SERVICES, INC., ET AL., C.A. No. 1:21−09370
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA v. ALL−WAYS
    FORWARDING INT'L, INC., ET AL., C.A. No. 1:21−09388
NAVIGATORS MANAGEMENT COMPANY, INC., ET AL. v. KINTETSU WORLD
    EXPRESS, INC., ET AL., C.A. No. 1:21−09546
M+R FORWARDING PTE. LTD. v. BENKEL INTERNATIONAL PTE LTD.,
    C.A. No. 1:21−09752
HANESBRANDS, INC., ET AL. v. EFL CONTAINER LINES, LLC, ET AL.,
    C.A. No. 1:21−09858
FEDERAL INSURANCE COMPANY v. US PACIFIC TRANSPORT, INC.,
    C.A. No. 1:21−09935
FEDERAL INSURANCE COMPANY v. ORIENT EXPRESS CONTAINER CO.,
    LTD., C.A. No. 1:21−09975
DE WELL CONTAINER SHIPPING, INC. v. CHIDORI SHIP HOLDING LLC,
    ET AL., C.A. No. 1:21−09980

- A3 -

FEDERAL INSURANCE COMPANY v. LAUFER GROUP INTERNATIONAL, LTD.,
ET AL., C.A. No. 1:21−09992
THE PEOPLE'S INSURANCE COMPANY OF CHINA (HONG KONG), LTD. v.
DAMCO INTERNATIONAL B.V., ET AL., C.A. No. 1:21−10113
ALL−WAYS FORWARDING INT'L, INC. v. M/V ONE APUS, ET AL.,
C.A. No. 1:21−10154
ROANOKE INSURANCE GROUP, INC. v. KUEHNE NAGEL INC., ET AL.,
C.A. No. 1:21−10172
HUATAI PROPERTY & CASUALTY INSURANCE CO., LTD. QINGDAO BRANCH
v. YANG MING MARINE TRANSPORT CORP., C.A. No. 1:21−10173
XL INSURANCE COMPANY, (AXA), ET AL. v. ALL−WAYS FORWARDING
INT'L, INC., ET AL., C.A. No. 1:21−10177
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA v.
KUEHNE + NAGEL, INC., ET AL., C.A. No. 1:21−10183
ATLANTIC SPECIALTY INSURANCE COMPANY v. ALL−WAYS FORWARDING
INT'L, INC., ET AL., C.A. No. 1:21−10344
STARR INDEMITY & LIABILITY COMPANY, INC. v. AIRPORT CLEARANCE
SERVICE, INC., C.A. No. 1:21−10554
DHL GLOBAL FORWARDING (THAILAND) LIMITED, ET AL. v. VANGUARD
LOGISTICS SERVICES (HONG KONG) LTD., ET AL., C.A. No. 1:21−10598

District of Oregon

NAVIGATORS MANAGEMENT COMPANY, INC., ET AL. v. OREGON
INTERNATIONAL AIR FREIGHT CO., C.A. No. 3:21−01703

Middle District of Tennessee

NAVIGATORS MANAGEMENT COMPANY, INC. v. WORLDBRIDGE LOGISTICS,
INC., C.A. No. 3:21−00883

Southern District of Texas

STARR INDEMNITY & LIABILITY COMPANY v. CRANE WORLDWIDE
LOGISTICS LLC, C.A. No. 4:21−03809

Western District of Washington

LIBERTY MUTUAL INSURANCE COMPANY v. EXPEDITORS INTERNATIONAL
OCEAN, INC., ET AL., C.A. No. 2:21−01593
NAVIGATORS MANAGEMENT COMPANY, INC. v. EXPEDITORS
INTERNATIONAL OF WASHINGTON INC., C.A. No. 2:21−01598
STARR INDEMNITY & LIABILITY COMPANY v. EXPEDITORS
INTERNATIONAL OCEAN, INC., ET AL., C.A. No. 2:21−01606